SUMMARY ORDER
This is one of four actions brought against various Shell corporate entities in relation to alleged human rights violations and environmental degradation perpetrated by a Nigerian Shell subsidiary, the sole defendant in this case and the appellee in this appeal, Shell Petroleum Development Company of Nigeria, Ltd. (“SPDC”). We assume the parties’ familiarity with the underlying facts and procedural history of the case, as well as with the issues on appeal.
The plaintiffs-appellants (“appellants”) invoke the Alien Tort Claims Act, 28 U.S.C. § 1350, alleging that ten of their Nigerian relatives were detained, tortured, and executed by SPDC directly and in concert with the Nigerian government, and with the knowledge of SPDC’s corporate parents, formerly known as Royal Dutch Petroleum Company and Shell Transport and Trading Company (collectively “Royal Dutch/Shell”). In a final opinion and order dated March 4, 2008, the District Court for the Southern District of New *83 York (Wood, C.J.) dismissed the case on a motion for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) due to appellants’ failure to allege the requisite minimum contacts with the United States on the part of SPDC. Kiobel v. Royal Dutch Petroleum Co., 02 Civ. 7618, 04 Civ. 2665, 2008 WL 591869, at *1 (S.D.N.Y. Mar.4, 2008). The district court also denied jurisdictional discovery on the basis that the appellants had access to the discovery previously conducted in related cases, which the court found to have been sufficient in scope to justify the dismissal. Id. Judgment was entered for SPDC on March 18, 2004. The appellants appeal, asserting that the district court has personal jurisdiction over SPDC under Federal Rule of Civil Procedure 4(k)(2),[1] and that the district court did not provide them sufficient opportunity to conduct the jurisdictional discovery necessary to demonstrate this. The appellants also move to supplement the record with documents that they contend aid their case for jurisdiction and that were recently obtained in response to discovery requests in the related actions that remained pending after this action was dismissed. We now vacate the judgment and remand for the district court to reconsider its denial of jurisdictional discovery and dismissal of the action in light of the subsequent and continuing discovery in the related actions.
The relevant related actions are Wiwa v. Royal Dutch Petroleum Co. (Wiwa I), Wiwa v. Anderson (Wiwa II), and Kiobel v. Royal Dutch Petroleum Co., all of which were consolidated for discovery and assigned to Chief Judge Wood prior to the filing of the action at issue in this appeal. SPDC was not a named defendant in any of these other cases.[2] The appellants predicate general personal jurisdiction over SPDC, which is organized under the laws of Nigeria with corporate headquarters in Nigeria, on the following factual allegations: (1) approximately 3.5 million barrels of SPDC-produced crude oil was imported to the United States monthly between January 1990 and June 1996, constituting approximately 50% of SPDC’s oil production, and SITCO, the importing entity, acted as SPDC’s agent in so doing; (2) SPDC targeted the U.S. with a public relations campaign relating to SPDC’s operations in Nigeria; (3) SPDC recruited employees in the U.S. through another Shell entity, Shell People Services (“SPS”); (4) SPDC employees came to the U.S. for training and professional seminars and conferences; (5) SPDC entered into contracts for services in the US, including the construction of a barge in New Orleans for use in Nigeria; and (6) SPDC received financial assistance from and partnered in projects with the United States Agency for International Development (“USAID”).
Although discovery was coordinated with the related cases, the appellants note that the cut-off for new discovery requests in those cases was May 31, 2004, shortly after Wiwa III was filed and prior to SPDC filing its answer asserting lack of *84 personal jurisdiction, and this cut-off date was extended only to July 19, 2004 for limited matters. According to the appellants, discovery in the related cases was focused, as it properly should have been, on SPDC’s conduct in Nigeria and its relationship to Royal Dutch/Shell, not on personal jurisdiction in the United States over SPDC. In August 2004, not long after the discovery cut-off for the related actions, the district court stayed all discovery in Wiwa III.
A plaintiff can defeat a Rule 12(b)(2) motion to dismiss “by pleading good faith, legally sufficient allegations of jurisdiction, i.e., by making a primo facie showing of jurisdiction.” Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir.1998) (internal quotation marks and citations omitted). Because it believed that the appellants had “access to the extensive discovery taken in connection with the prior related actions, including discovery from SPDC,” the district court required the appellants to make specific factual averments to support their jurisdictional allegations. Kiobel, 2008 WL 591869, at *2. Although the dismissal for lack of jurisdiction is subject to de novo review, we review the district court’s decision regarding the scope of jurisdictional discovery for abuse of discretion. In re Terrorist Attacks on Sept. 11, 2001, 538 F.3d 71, 79 (2d Cir.2008). A district court abuses its discretion in dismissing an action “when its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding,” or when its ruling “cannot be located within the range of permissible decisions.” Wynder v. McMahon, 360 F.3d 73, 76 (2d Cir.2004). We conclude that it was clear error for the district court to find that the discovery conducted in the related actions encompassed the issue of personal jurisdiction over SPDC.
Although the appellants had access to the discovery in the related actions, requests pertinent to personal jurisdiction over SPDC were denied by the district court for lack of relevance to the related actions. The plaintiffs in the related actions requested, for example, documents relating to oil produced by SPDC in Nigeria and imported to the United States, as well as to goods and services purchased in the United States by or for SPDC. The plaintiffs’ attorney explained that these requests were related to the plaintiffs’ RICO claims and the district court’s jurisdiction over the defendants. The district court ordered defense counsel to “[t]ry to find out whether you can come up with anything that would assist in determining how much oil produced in Nigeria by SPDC ended up in the United States.” That information was later provided to the plaintiffs in the form of a chart. However, when defense counsel objected to the request for documents relating to goods and services purchased by or on behalf of SPDC in the United States as irrelevant to the RICO claims, the court responded, “[a]s we know, this court has jurisdiction over this case, so ... this seems pretty attenuated from what [the plaintiffs] need. Is this something [the plaintiffs] can put off and maybe never demand?” Counsel for the plaintiffs in the related actions then agreed to hold off on the request for these documents. This exchange is sufficient to convince us that the discovery in the related actions, while encompassing RICO subject-matter jurisdictional discovery, did not include discovery relevant to the question of personal jurisdiction over SPDC.
In them motion to supplement the record, the appellants provide several documents obtained from discovery in the related cases after Wiwa Ill’s dismissal that they contend support the proposition that SPDC merely lent its oil to SITCO “on consignment” to be sold by SPDC in the *85 United States. The district court is in the best position to examine, evaluate, and determine the relevance of the documents at issue and to decide whether continuing discovery in the related eases has now been sufficient for the appellants to adequately allege personal jurisdiction over SPDC, to show that the appellants are sufficiently unlikely to be able to establish jurisdiction, so as to justify dismissal once more or to allow further jurisdictional discovery in Wiwa III.
The vacatur of the district court’s order of dismissal renders appellants’ motion to supplement the record and take judicial notice or remand for post-judgment proceedings moot. Accordingly, the judgment of dismissal is VACATED and the action REMANDED to the district court to allow further proceedings on the question of personal jurisdiction over the defendant-ap-pellee.

. "For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
(A) the defendant is not subject to jurisdiction in any state’s courts of general jurisdiction; and
(B) exercising jurisdiction is consistent with the United States Constitution and laws.”

. This action, dubbed Wiwa III, was filed on April 6, 2004. The complaint in the Kiobel class action was amended to include SPDC as a defendant around the same time that Wiwa III was filed. The district court dismissed the Kiobel claims against SPDC in the same opinion and order in which it dismissed Wiwa II. See Kiobel, 2008 WL 591869, at *1 (S.D.N.Y. Mar.4, 2008).